Terence Cardinal Cooke Health Ctr. v Commissioner of Health of the State of N.Y. (2019 NY Slip Op 06372)





Terence Cardinal Cooke Health Ctr. v Commissioner of Health of the State of N.Y.


2019 NY Slip Op 06372


Decided on August 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 27, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


9432N 653740/16

[*1] Terence Cardinal Cooke Health Center, Plaintiff-Appellant,
v
Commissioner of Health of the State of New York, et al., Defendants-Respondents.


Bond, Schoeneck & King, PLLC, New York (Raul A. Tabora of counsel), for appellant.
Letitia James, Attorney General, New York (Blair J. Greenwald of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered April 2, 2018, which granted defendants' motion to dismiss the second cause of action, convert the action to an article 78 proceeding, and transfer the proceeding to Albany County, unanimously affirmed, without costs.
Plaintiff, a Medicaid provider, operates a health care facility in New York that includes a 50-bed "specialty hospital" that offers residential and inpatient nursing and supportive services to children and young adults with developmental disabilities. Defendant Commissioner of Health is responsible for determining and certifying rates of payment for services rendered to Medicaid recipients by "specialty hospitals" certified by defendant Office of People with Developmental Disabilities (OPWDD). OPWDD is responsible for approving the Commissioner's rate-setting methodology. Defendant Director of the Budget is responsible for approving the Health Commissioner's Medicaid reimbursement rates.
Plaintiff alleges that defendants, in promulgating new Medicaid reimbursement rates retroactively applicable to plaintiff's speciality hospital, improperly used a new methodology for calculating Medicaid reimbursement rates that failed to include an appropriate trend (inflation) factor, as required by Public Health Law § 2808, 10 NYCRR 86-2.40, and 14 NYCRR 680.12.
In alleging violations of lawful procedures under the Public Health Law and Mental Hygiene Law, plaintiff is challenging a quasi-legislative act by defendants (see New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 204 [1994]). "[W]here a quasi-legislative act by an administrative agency such as a rate determination is challenged on the ground that it was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion' (CPLR 7803[3]), a proceeding in the form prescribed by article 78 can be maintained" (id.; at 204-205 see also Concourse Rehabilitation & Nursing Ctr., Inc. v Shah, 161 AD3d 669 [1st Dept 2018], lv denied 32 NY3d 904 [2018]). Thus, this declaratory judgment action was correctly converted to an article 78 proceeding (see CPLR 103[b], [c]).
The article 78 proceeding was properly transferred from New York County to Albany County (see CPLR 506[b]). The record demonstrates that the Medicaid reimbursement-rate determination was made in Albany County. In addition, defendants' principal offices are located in Albany.
Supreme Court correctly granted the motion to dismiss the second cause of action, which asserts that defendants failed to comply with a statutory directive to provide plaintiff with 60 days' advance notice of the subject rate revisions. Contrary to plaintiff's position, defendants are not required to provide plaintiff with 60 days' notice of changes to the reimbursement rates applicable to plaintiff's specialty hospital, because the 60-day notice requirement of Public Health Law § 2807(7), on which plaintiff relies, applies only to a "residential health care facility," a term that does not include specialty hospitals within its scope. The term "residential [*2]health care facility" is defined as "a nursing home or a facility providing health-related service" (Public Health Law § 2801[3]), and such institutions are certified to operate by the Department of Health (see 10 NYCRR 86-2.1[a]). Plaintiff's specialty hospital, by contrast, is certified by OPWDD under article 16 of the Mental Hygiene Law and is subject to OPWDD regulations governing the operation of "Specialty Hospitals" (see 14 NYCRR part 680). That plaintiff's specialty hospital operates alongside (and shares a mailing address with) plaintiff's nursing home does not affect our conclusion that the specialty hospital is not a "residential health care facility," given that it is undisputed (and admitted in plaintiff's brief) that the specialty hospital is a distinct unit and is separately issued an operating certificate by OPWDD.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 27, 2019
DEPUTY CLERK